[Civ. No. 1801.   First Appellate District.—November 15, 1916.]

## CHARLES H. HUSBAND, Respondent, v. WILLIAM A. HUSSEY, Appellant.

CONTRACT—SALE OF STOCK—NUMBER OF SHARES—FINDING ON CONFLICT-
ING EVIDENCE—APPEAL.—Where in an action to recover the value of
ten shares of the capital stock of a certain corporation which, it
was alleged, the defendant for a valuable consideration had agreed
to deliver to the plaintiff, the evidence is in pronounced conflict as
to whether or not the defendant had agreed to deliver to the plaintiff
said ten shares, or any number of shares in excess of the ten shares
which the complaint alleged the defendant had delivered, the find-
ing of the trial court that the agreement called for the delivery of
twenty shares is conclusive on the appellate court.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order denying a new trial.
N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Robinson, Gillis & Sizer, and Robinson & Sizer, for Appel-
lant.

Reed, Nusbaumer & Bingaman, for Respondent.

THE COURT.—This is an appeal from a judgment in the
sum of one thousand dollars entered in favor of the plaintiff
in an action for the value of ten shares of the capital stock
of a certain corporation which, it was alleged, the defendant
for a valuable consideration had agreed to deliver to the
plaintiff.

The evidence adduced upon the trial of the case was directed
chiefly to the issue raised by the defendant's answer as to
whether or not he had agreed to deliver to the plaintiff any
number of shares of the corporate stock in controversy in ex-
cess of the ten shares which the plaintiff's complaint alleged
that he had received pursuant to his agreement with the
defendant.

No point of law is involved in the appeal.  It is grounded
solely in the contention that the finding of the trial court that
the defendant had agreed to deliver twenty and not ten shares

of the stock in question is contrary to the preponderance of the evidence, which, upon that phase of the case, is in pronounced conflict; and we are requested by the appellant to weigh the evidence and consider the credibility of witnesses. This, of course, under the familiar rule, we cannot do.

The judgment and order appealed from are affirmed.